■ CHERYL N. KLEINER, Respondent, v ROBERT L. KLEINER, Appellant.— Judgment of the Supreme Court, New York County, entered June 19, 1975, which granted judgment of divorce to plaintiff, restricted defendant's child visitation, directed defendant to pay $75 per week alimony and $75 per week child support retroactive to December 9, 1974, directed the defendant to return plaintiff's engagement ring and to pay $860, and directed an additional counsel fee to be paid to plaintiff's attorneys, insofar as appealed from, unanimously modified, on the law and the facts and in the exercise of discretion to eliminate the provision for retroactivity of payments to the plaintiff and to provide for payments to commence on the entry of judgment on June 19, 1975, and to delete limiting provisions with respect to visitation of the infant issue in the second decretal paragraph of the judgment, as hereinafter specified, and to provide for a schedule of payments for arrears in the alimony and child support, in addition to the amounts currently due, of $25 per week, one half allocated to alimony and one half allocated to child support, effective with the first payment due after 20 days after the date of entry of the order herein, and otherwise affirmed, without costs and without disbursements. The parties hereto are both well educated. The wife was formerly a school teacher. The husband is a lawyer with an advance degree in taxation and employed at a financial institution. The one child, a daughter, was born in October, 1972. Although there was some delay in reaching the denouement of this matter, making the effective date of payments run prior to the day of the judgment was not indicated. While there may have been some basis for the restriction on visitation at the time of the trial, there is no sound basis now for the limitation of the father's right to visit, which visitation was conditioned on substantial previous exercise thereof, and that provision in subdivisions (a), (b), (c) and (d) of decretal prargraph 2 is excised. Further, the visitation for a Saturday or a Sunday was limited to the first and third weeks of each month, and it is more appropriate that such a day weekend visit should be provided for in every week of the month, and subdivision (a) of the second decretal paragraph is amended accordingly. The child now being over five years of age, the provision in the second decretal paragraph, subdivision (d), with respect to the situation before that age is deleted. We have examined the other points on the appeal and find no basis for disturbing the judgment with respect thereto. Concur—Kupferman, J. P., Evans, Capozzoli and Markewich, JJ.